IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE AMERICAN INSURANCE COMPANY, a Nebraska corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 10-1649<br>) |
| ROBERT J. BOYDA, D.D.S., ROBERT J. BOYDA, P.C., ROBERT J. BOYDA D.D.S., INC., MARY ANN BAUM, THOMAS BAUM, GEMMA JONES, PAIGE LUSE, JANETTE McCLELLAND, KELLY L. McCLELLAND, KERI PITCOCK, ALEXIS ABBOTT, STACIA DEAN and BRIANA UNGER, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM**

I

Plaintiff, The American Insurance Company ("AIC"), has filed this civil action under the Declaratory Judgment Act, 28 U.S.C. § 2201, based on diversity of citizenship and an amount in controversy exceeding $75,000. For the reasons set forth below, the Court *sua sponte* declines to exercise jurisdiction.

II

In summary, AIC's complaint alleges the following facts:

AIC is a Nebraska corporation with a principal place of business in Novato, California. Robert J. Boyda, D.D.S. ("Boyda") is a dentist residing in Pittsburgh, Pennsylvania. Robert J. Boyda, P.C. is a professional corporation organized by Boyda under the laws of Pennsylvania with a principal place of

1

business in Pittsburgh, Pennsylvania. Upon information and belief, Robert J. Boyda, D.D.S., Inc. is not a formally organized corporation but, rather, another name for Robert J. Boyda, P.C. AIC provided dental professional liability coverage to Robert J. Boyda, D.D.S., Inc. for the period January 1, 2008 to January 1, 2009 through Policy Number AZC 80740212 ("the Policy").

Mary Ann Baum, Gemma Jones, Paige Luse, Janette McClelland, Keri Pitcock, Alexis Abbott, Stacia Dean and Briana Unger, who reside in Pittsburgh, Pennsylvania, are former dental patients of Boyda who have filed lawsuits against him in the Court of Common Pleas of Allegheny County, Pennsylvania. All of the state court complaints include claims for sexual battery which are alleged to have occurred after Boyda intentionally and improperly sedated the women during dental procedures. Some of the complaints also include a claim for professional negligence.

Based on the allegations of sexual assaults in the state court actions, which occurred during the Policy period, AIC seeks a declaration that "without regard to how claims against Boyda are characterized, the Policy does not provide coverage for any damages awarded against any insured, including both Boyda and the Boyda Entity Defendants, which arose out of an alleged sexual assault or any act that may have made a patient more susceptible to a sexual assault" because "[s]exual acts are not 'dental services' under the Policy and the exclusions for intentional

acts and violation of law apply to preclude coverage."
(Complaint, p. 12, ¶ 38).

### III

The Declaratory Judgment Act provides in relevant part:

§ 2201. Creation of remedy

>   (a) In a case of actual controversy within its jurisdiction, ..., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. (Emphasis added).

\* \* \*

28 U.S.C. § 2201(a).

While a district court possesses discretion in determining whether to entertain an action under the Declaratory Judgment Act, even when the action otherwise satisfies the prerequisites for subject matter jurisdiction, see Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995), the discretion is not unlimited. For example, a district court does not have absolute discretion "to decline jurisdiction over a declaratory judgment action when the issues include federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding." State Auto Ins. Co. v. Summy, 234 F.3d 131, 134 (3d Cir.2000), citing United States v. Comm. of Pennsylvania, Dept. Of Env. Resources, 923 F.2d 1071, 1075 (3d Cir.1991).

3

After consideration, the Court concludes that the total absence of any federal interest in this case weighs heavily in favor of declining jurisdiction in this case. Moreover, because the Commonwealth of Pennsylvania's law on the issue presented is well-settled,[1] "there is even less reason for the parties to litigate their dispute in federal court." Summy, supra, at 136. Finally, the Court notes that the absence of a parallel declaratory judgment action pending in state court does not mandate this Court's exercise of jurisdiction. See Allstate Ins. Co. v. Seelye, 198 F.Supp.2d 629, 631-32 (W.D.Pa.2002)("A fair reading of Summy indicates that the existence of a parallel state proceeding, although present there, is not a prerequisite to the district court's proper exercise of discretion to decline jurisdiction over the case. Rather, it is but one factor a district court should consider."). See also Allstate Property &

---

[1] In Smith v. Friends Hospital, 928 A.2d 1072 (Pa.Super. 2007), the Superior Court of Pennsylvania noted the following:

> We further note that with respect to matters of professional medical insurance coverage, our courts have consistently held that professional liability policies do not provide coverage for health care professionals who sexually assault their patients, observing that sexual assaults do not reflect medical skills associated with specialized training. See Physicians Insurance Co. v. Pistone, 555 Pa. 616, 726 A.2d 339 (1999); see also St. Joseph Medical Center v. Medical Professional Liability Catastrophe Loss Fund, 854 A.2d 692 (Pa.Cmwlth.2004), aff'd, 583 Pa. 412, 879 A.2d 146 (2005)(applying these principles to coverage afforded under the Medical Professional Liability Catastrophe Loss Fund).

928 A.2d at 1076 n.2.

Casualty Ins. Co. v. Owens, No. 11-4, 2011 WL 94412, at *2 (W.D.Pa.2011); United Financial Casualty Co. v. Fornataro, No. 08-1301, 2008 WL 4283347, at *2 (W.D.Pa.2008); Dixon v. Progressive Northern Ins. Co., No. 08-1010, 2008 WL 4072816, at *2 (W.D.Pa.2008).

Based on the foregoing, this case will be dismissed without prejudice to AIC's right to seek the requested declaration in state court.

                                                              /s/ William L. Standish  
                                                              William L. Standish  
                                                          United States District Judge

Date: January 27, 2011